**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| RACHAEL ROSE,             ) <br><br> Plaintiff,     ) <br><br> ) <br> v.           ) <br><br> ) <br> ABBOTT LABORATORIES, INC., and  ) <br> COLLEEN LEWIS,       ) <br><br> ) <br> Defendants.   ) <br> ) | Case No.: |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendant Abbott Laboratories Inc. ("Abbott") and Colleen Lewis, by their attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, file this Notice of Removal of the above-titled action to this Court from the Court of Common Pleas, Cuyahoga County, Ohio. In support of its Notice of Removal, Defendants state:

**BACKGROUND**

1. On October 28, 2024, Plaintiff served a Summons and copy of her Complaint via certified mail on Abbott and Colleen Lewis. In the Complaint, Plaintiff brings claims of sexual harassment and gender/sex discrimination under Ohio Revised Code Chapter 4112 ("Ohio Civil Rights Law"). (Complaint, **Exhibit A**).

2. A copy of the Summons, Plaintiff's Complaint, and related documents served on Abbott and Ms. Lewis in this action are attached as **Exhibit A**.

3. Abbott's Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because Abbott is filing the Notice within 30 days after Defendants' receipt of a copy of an initial pleading setting forth the claims or relief upon which this action is based.

4. Venue for removal is proper in this Court because this Court's jurisdiction includes Cuyahoga County, Ohio, where the action was commenced.

5. This action is removable because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) are met because, as detailed below, there is complete diversity of citizenship among the parties and the amount in controversy for diversity purposes exceeds $75,000.

## I. Plaintiff and Abbott Are Diverse Parties.

6. Plaintiff is a resident of the State of Ohio. (**Exhibit A** ¶ 1.)

7. Abbott Laboratories Inc. is incorporated in the State of Delaware, with its principal place of business in the State of Illinois. (Paik Declaration, **Exhibit B** ¶ 3.) Thus, Abbott is a citizen of Delaware and Illinois.

8. Colleen Lewis is a resident of the State of Pennsylvania; she has lived in Pennsylvania for her entire life and currently resides in Harmony, Pennsylvania. (Lewis Declaration, **Exhibit C** ¶ 2.) As such, Ms. Lewis' domicile is Pennsylvania, and she is a citizen of Pennsylvania.

9. Because Plaintiff is a citizen of Ohio, Abbott is a citizen of Delaware and Illinois, and Ms. Lewis is a citizen of Pennsylvania, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

## II. The Amount in Controversy Exceeds $75,000.

10. As the removing party, Defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy requirement for the exercise of diversity jurisdiction has been met. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001).

314902338v.2

11. Here, Plaintiff alleges that compensatory and punitive damages each exceed $25,000 but fails to specify the exact or maximum amount of damages she, as an employment discrimination plaintiff under the Ohio Civil Rights Law, seeks or provide any calculation of her alleged damages. (Compl. Prayer for Relief.) Plaintiff seeks the following categories of damages: "economic and noneconomic losses, including loss of enjoyment of life, depression, lost wages, and mental and emotional distress." (*Id.*)

12. In assessing whether the amount in controversy requirement is satisfied here, the Court must determine: (a) the proper measure of the amount in controversy; and (b) whether Defendants have carried their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Crooks v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:15-CV-2234, 2015 WL 8602519, at *3 (S.D. Ohio Dec. 14, 2015) (denying plaintiff's motion for remand based on Complaint and "[d]efendants' evidentiary submissions").

13. Although Defendants deny that Plaintiff is entitled to any relief whatsoever, her allegations satisfy the $75,000 jurisdictional amount in controversy threshold based on her potential to recover back pay, compensatory damages, punitive damages, and attorneys' fees in this action.

**Back Pay.** For claims that allow for the recovery of lost wage damages like the Ohio Civil Rights Law, "[i]t is appropriate to consider back pay beyond the time of removal when a plaintiff seeks an award for back pay that includes future accruals." *See Shupe v. Asplundh Tree Expert Co.*, 566 Fed. App'x 476, 479 (6th Cir. 2014). Plaintiff seeks "lost wages." (Compl. Prayer for Relief.) Plaintiff's employment with Abbott terminated on or about March 26, 2024. (Compl. ¶ 98.) At that time, her annual salary was $81,666.67. (**Exhibit C ¶ 5.**) If Plaintiff's claimed lost

3

wages are calculated from her termination date through trial, which would likely not take place for at least a year, the amount of back pay in controversy alone equals approximately $136,111.00.

**Non-Wage Damages.** Under the Ohio Civil Rights Law, Plaintiff can seek non-wage compensatory damages for alleged emotional distress, as well as punitive damages. Plaintiff may seek up to $250,000.00 or three times her economic loss, to a maximum of $350,000.00 or a maximum of $500,000.00 for each occurrence forming a basis for her claim. O.R.C. Section 2315.18(B)(2). With respect to punitive damages, Plaintiff can seek two times the amount of compensatory damages. O.R.C. Section 2315.21(D).

Based on Plaintiff's demand for back pay, compensatory damages, and punitive damages, Defendants have satisfied their burden to demonstrate by a preponderance of the evidence that the amount in controversy is satisfied. Specifically, without even considering Plaintiff's claims for non-wage compensatory and punitive damages, Plaintiff's potential back pay is at least $136,111.00. Accordingly, Plaintiff's claimed damages in this case easily exceed $75,000.[1]

### CONCLUSION

Because this action is between citizens of different states and the amount in controversy clearly exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).[2] Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

---

[1] Again, Defendants provide this information merely as an estimate of the potential amount in controversy based on the allegations in Plaintiff's Complaint. Defendants reserve the right to contest Plaintiff's claim to any and all damages.

[2] Defendant Abbott Laboratories Inc. and Plaintiff are subject to an Employee Agreement with a Choice of Law provision of Illinois, as well as a Jurisdiction/Venue provision agreeing to the exclusive jurisdiction of the state and federal courts of Illinois. As such, Defendants intend to move to transfer venue pursuant to this agreement.

314902338v.2

Date: November 22, 2024

Respectfully submitted by,

ABBOTT LABORATORIES INC. and
COLLEEN LEWIS


/s/ Kathleen C. Tranter

Kathleen C. Tranter (0089503)
ktranter@seyfarth.com

*Pro hac vice motion forthcoming*
Uma Chandrasekaran
Illinois Bar No. 6281690
uchandrasekaran@seyfarth.com

*Pro hac vice motion forthcoming*
Victoria Street Tolbert
North Carolina Bar No. 32945
vtolbert@seyfarth.com

SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendants

5

314902338v.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2024, a true and correct copy of the Notice of Filing of Notice of Removal was served by email and first class mail upon:

Lewis A. Zipkin
Kevin M. Gross
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
lawsmatter2@gmail.com
kgross@zipkinwhiting.com

/s/ Kathleen C. Tranter

Kathleen C. Tranter (0089503)
ktranter@seyfarth.com

*Pro hac vice motion forthcoming*
Uma Chandrasekaran
Illinois Bar No. 6281690
uchandrasekaran@seyfarth.com

*Pro hac vice motions forthcoming*
Victoria Street Tolbert
North Carolina Bar No. 32945
vtolbert@seyfarth.com

SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendants

314902338v.2