IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RACHAEL ROSE,** | ) | CASE NO. 1:24 CV 2049 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| **ABBOTT LABORATORIES, INC.** and | ) | |
| **COLLEEN LEWIS,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

This matter is before the Court on the Motion to Dismiss or, in the Alternative, to Transfer Venue filed by Defendants, Abbott Laboratories, Inc. and Colleen Lewis. (Docket #8.)

**I.      Factual and Procedural Background.**

On October 23, 2024, Plaintiff, Rachael Rose, filed her Complaint against Defendants, Abbott Laboratories Inc. and Colleen Lewis, asserting claims for hostile work environment based on sex and gender in violation of Ohio Rev. Code § 4112.02(A); wrongful termination based on sex and gender in violation of Ohio Rev. Code § 4112.02(A); and, aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J).  On November 22, 2024, Defendants filed a Notice of Removal with this Court.

On December 30, 2024, Defendants filed their Motion to Dismiss or, in the Alternative, to Transfer Venue.  (Docket #8.)  Defendants argue that, pursuant to the terms of the

Employment Agreement signed by Ms. Rose when she was hired, the exclusive venue for disputes arising from Ms. Rose's employment with Abbott is in Illinois, in either the United States District Court for the Northern District of Illinois, or the Lake County, Illinois State Court.

Ms. Rose filed her Brief in Opposition on January 10, 2025. (Docket #13.) Ms. Rose does not dispute that the Employment Agreement includes an enforceable and lawful forum selection clause. However, Ms. Rose argues that the Employment Agreement is a non-competition and non-disclosure agreement that "expressly covers only the exchange of Abbott's confidential business information to Rose, the limitations on Rose's subsequent use of said confidential business information, and the imposition of a 12-month non-competition period should Rose separate from Abbott – not where Rose may or may not litigate claims for workplace discrimination." (Docket #13 at p.2.) Ms. Rose argues "that her claims for workplace discrimination fall plainly outside the scope of the forum-selection clause because they are not 'arising out of,' 'relating to,' or 'transactions contemplated' under the confidentiality provisions" of the Employment Agreement. (Id. at p. 6.) Ms. Rose also argues that Defendants have failed to demonstrate Illinois is a more convenient forum for all witnesses and parties and, therefore, that the Court should deny the requested transfer. (Id. at p. 9.)

On January 24, 2025, Defendants filed a Reply Brief. (Docket #17.) Defendants argue that the Employment Agreement is not limited to the topics of confidential business information and non-competition, but "covers core aspects of Plaintiff's employment – for example, her status as an at-will employee and her obligation to comply with 'any and all' Abbott policies, as well as Abbott's Code of Business Conduct." (Docket #17 at p. 1.) Defendants note Ms. Rose signed an electronic version of the Employee Agreement, which included a hyperlink to the Abbott Code of Business Conduct. (Id. at p.3.) Defendants ask the Court to enforce the forum

-2-

selection clause and dismiss the case or, alternatively, transfer the case to the Northern District of Illinois. Further, Defendants argue that any discussion regarding the convenience of the Parties is irrelevant given the fact that the forum selection clause set forth in the Employment Agreement is, as admitted by Ms. Rose, valid and enforceable, and that Ms. Rose has failed to demonstrate that dismissal or transfer would be contrary to public policy interests.

## II. Discussion.

Absent extraordinary circumstances, a plaintiff's choice of forum, and the convenience of the parties, are not to be considered when there exists a valid forum-selection clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. Of Texas*, 571 U.S. 49, 52 (2013). When a forum-selection clause exists between the parties, it should be given "controlling weight in all but the most exceptional cases." *Id.*

Paragraphs 15 and 16 of the Parties' Employment Agreement provide as follows:

15. **Choice of Law.** This Agreement shall be construed, and its enforceability and the relationship of the parties shall be determined, in all respects under the laws of Illinois, without giving effect to conflict of laws.

16. **Jurisdiction/Venue.**

    (a) The parties agree to the exclusive jurisdiction of the state and federal courts in Illinois, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, and further irrevocably agree that all claims in any such action or proceeding shall be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court. Both parties waive any objection to the laying of venue of any such action or proceeding in any of the Lake County, Illinois state courts or Northern District of Illinois federal courts, as well as any claim that a party may have that any such action or proceeding has been brought in an inconvenient forum. EMPLOYEE stipulates and consents to Illinois courts' personal jurisdiction and waives the right to object to an Illinois court's jurisdiction.

(Docket #8-4 at p. 8.)

As set forth above, Ms. Rose does not argue that the forum selection clause set forth in the Employee Agreement is unreasonable, unenforceable or contrary to law, but instead that the scope of the Employment Agreement is limited to the topics of non-competition and the non-disclosure of confidential information and does not cover all aspects of her employment or her claims in this case. The Court does not agree.

While the Employment Agreement includes non-competition provisions and extensive language regarding the development, use, protection and ownership of Abbott's Confidential Information, the Employment Agreement also includes provisions regarding Ms. Rose's duty to comply with all Abbott policies and Abbott's Code of Business Conduct (for which a hyperlink is included within the Employment Agreement); Ms. Rose's use of electronic media and systems and Abbott's monitoring thereof; Ms. Rose's duty to return Abbott property in the event her employment was terminated; and, Ms. Rose's at-will employee status. The mere fact that the provisions regarding confidential information and non-competition are longer and more detailed does not render the remaining sections unenforceable or void, nor does the organization or format of the Employment Agreement render certain provisions more important than others.

Ms. Rose claims she was discriminated against and unlawfully terminated. Abbott asserts in response that Ms. Rose was terminated for violating Abbott's policies and Code of Business Conduct. The claims set forth in Ms. Rose's Complaint arise out of or relate to the Employment Agreement and the Parties are bound by the Jurisdiction/Venue provision agreed to therein.

In addition to the foregoing, Ms. Rose, the only party/witness who resides in Ohio, asserts that the Northern District of Ohio is a more convenient forum and, therefore that transfer should be denied. However, given the existence of an admittedly valid forum selection clause, whether or not Ohio is a more convenient forum for Ms. Rose is not relevant. Rather, Ms. Rose bears the burden of showing that public interest factors weigh heavily against transfer. *Lakeside Surfaces, Inc. v. Cambria Co.*, 16 F.4th 209, 215 (6th Cir. Mich. 2021). Ms. Rose agreed to the exclusive jurisdiction of the Illinois Federal and State Courts and offers nothing to suggest that there are public interest factors in this case which would warrant the consideration of a departure from the Parties' mutually selected forum.

### III. Conclusion.

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue (Docket #8) is hereby GRANTED.

This case is hereby transferred to the United States District Court for the Northern District of Illinois.

IT IS SO ORDERED.

                                                s/Donald C. Nugent
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: February 14, 2025