**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RACHAEL ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:25-cv-01604 |
| | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| *and* COLLEEN LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW UNDER LR 56.1(b)(1)**

**I. INTRODUCTION**

Although Rose brings claims against Abbott and Lewis under Ohio's antidiscrimination statutes, Defendants' Motion for Summary Judgment does not analyze those claims under Ohio law. Instead, the Motion relies on two footnotes that attempt to equate Ohio antidiscrimination law with Seventh Circuit standards, an assertion that is inaccurate. Rose asserts three claims under Ohio's antidiscrimination laws: (1) hostile work environment based on sex and gender in violation of R.C. 4112.02(A); (2) wrongful termination based on sex and gender in violation of R.C. 4112.02(A); and (3) aiding and abetting discrimination in violation of R.C. 4112.02(J). The first two claims are asserted against Abbott, and the third claim is asserted against Lewis. For the reasons set forth below, Rose respectfully requests that the Court deny Defendants' Motion for Summary Judgment as to her Ohio-law claims.

1

**II.    LAW AND ARGUMENT**

R.C. 4112.02(A) states that it is an unlawful discriminatory practice "[f]or any employer, because of * * * sex * * *, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

"In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the United States Supreme Court 'established a flexible formula to ferret out impermissible discrimination in the hiring, firing, promoting, and demoting of employees.'" *Montague v. Oakwood Club*, 2003-Ohio-876, ¶ 17 (8th Dist.), quoting *Plumbers & Steamfitters Comm. v. Ohio Civil Rights Comm.*, 66 Ohio St.2d 192, 197 (1981). Prima facie claims for discrimination may be proven by direct or circumstantial evidence. *Peters v. Highland Hills*, 2024-Ohio-2366, ¶ 33 (8th Dist.). Direct evidence is "[e]vidence that directly proves a fact, without an inference or presumption." *Mauzy v. Kelly Servs., Inc.*, 75 Ohio St.3d 578 (1996).

If a plaintiff establishes a prima facie case of discrimination, the second step of the *McDonnell Douglas* framework shifts the burden to the employer "to rebut the presumption of discrimination by presenting evidence of some legitimate, nondiscriminatory reason for its action." *Peters* at ¶ 37, quoting *Kenner v. Grant/Riverside Med. Care Found.*, 2017-Ohio-1349, ¶ 28 (10th Dist.). This is a burden of production, not persuasion, and is satisfied if the employer '"introduce[s] evidence which taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Peters* at ¶ 37, quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).

If the employer's burden is satisfied, the burden shifts back to the plaintiff to show the reason given is pretextual and the real reason was discrimination. To demonstrate pretext, a plaintiff must ultimately establish that both the employer's stated reason for the adverse employment decision "was not the real reason for its action, and that the employer's real reason" was discrimination. *Peters* at ¶ 41, quoting *E.E.O.C. v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015). A plaintiff can demonstrate the employer's stated reasons are pretext for discrimination in three ways: "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000).

### A. Rose has established a prima facie case of wrongful termination based on sex and gender under R.C. 4112.02(A).

Under the three-step *McDonnell* analysis, the employee must first establish a prima facie case of discrimination. *Plumbers & Steamfitters*, 66 Ohio St.2d at 197. The employee must show she was "(1) a member of a protected class, (2) discharged, (3) qualified for the position, and (4) replaced by a person from outside the protected class." *Stookey v. South Shore Transp. Co.*, 6th Dist. Erie No. E-11-044, 2012-Ohio-3184, ¶ 10. While the first three elements largely align with how the Seventh Circuit analyzes wrongful-termination claims, the State of Ohio applies a more flexible version of the fourth element: "[T]he fourth prong may also be satisfied by facts that establish the employee was a member of a protected class and he or she was treated differently than similarly situated, non-protected employees engaging in the same or similar conduct." *Id.*

3

The first three elements under Ohio law are presently undisputed. Rose, as a female, is a member of a protected class; she was discharged from her employment with Abbott; and she was qualified to hold the position, as evidenced by her numerous accolades and positive sales numbers. (Addtl. SOF ¶¶ 1–4; Resp. to SOF ¶ 35.) Further, qualification for the position is reviewed objectively taking into consideration the employee's education, experience, and skills. *Peters* at ¶ 35. As to the fourth element, Rose was undisputedly replaced by a person, Jeff Rea, outside her protected class. (Addtl. SOF ¶ 3.) Under Ohio law, Rose has therefore established a prima facie case of wrongful termination based on sex and gender.

**B. The Defendants' changing and inconsistent reasons for why Rose was terminated present strong evidence of pretext sufficient to overcome summary judgment.**

The Sixth Circuit has found that when defendants change the explanation or provide inconsistent reasons for terminating an employee, such inconsistency constitutes evidence of pretext of discrimination. *See Chichewivz v. UNOVA Indus. Auto. Sys., Inc.*, 92 Fed. Appx. 215, 220 (6th Cir. 2004) ("evidence of pretext may consist of a defendant's changing explanations"); *Fox v. Certainteed Corp.*, 198 F.3d 245, 1999 WL 1111495, at *5 (6th Cir. 1999) (noting that evidence demonstrating inconsistency in the employer's explanations for the plaintiff's discharge may raise an inference of pretext).

In one opinion, the Sixth Circuit noted that an employee "presented evidence of pretext by showing that the City gave inconsistent reasons for his termination and that the proffered reason of budgetary constraints may have lacked a factual basis." *Griffin v. Finkbeiner*, 689 F.3d 584, 596 (6th Cir. 2012), citing *Manzer v. Diamond Shamrock Chems. Co.*,

4

29 F.3d 1078, 1084 (6th Cir. 1994) (identifying "the proffered reasons did not actually motivate [plaintiff's] discharge" and "the proffered reasons had no basis in fact" as ways of showing pretext).

The Seventh Circuit is no different: "We have long held that an employer's shifting and inconsistent explanations for an adverse employment action can support an inference of pretext." *Murphy v. Caterpillar Inc.*, 140 F.4th 900, 915 (7th Cir. 2025) (citing *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 579 (7th Cir. 2003) ("One can reasonably infer pretext from an employer's shifting or inconsistent explanations for the challenged employment decision."); *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 577 (7th Cir. 2003) ("Shifting and inconsistent explanations can provide a basis for a finding of pretext.")).

Here, the available evidence indicates that the Defendants' claimed nondiscriminatory motives for terminating Rose "(1) [have] no basis in fact, (2) did not actually motivate [their] conduct, or (3) [were] insufficient to warrant" termination. *Dews*, 231 F.3d at 1021. The Defendants' ever-changing motives for how and why Rose violated their policies reveals that the Defendants were searching for a plausible explanation to terminate Rose—and when one explanation could not withstand scrutiny, they were quick to pivot to another one. (Addtl. SOF ¶¶ 5–19).

**C. Rose has established the presence of a hostile work environment based on sex and gender under R.C. 4112.02(A).**

In order to establish a claim of hostile work environment based on sex or gender in violation of R.C. 4112.02(A), the plaintiff must show: (1) that the harassment was unwelcome; (2) that the harassment was based on sex or gender; (3) that the harassing

conduct was sufficiently severe or pervasive to affect the terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment; and (4) that either (a) the harassment was committed by a supervisor; or (b) the harassment was committed by a non-supervisor employee and the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Hampel v. Food Ingredients Specialties, Inc.*, 89 Ohio St.3d 169 (2000), paragraph two of the syllabus.

A plaintiff may establish a violation of R.C. 4112.02(A)'s prohibition of discrimination because of sex by proving either of two types of sexual harassment: (1) quid pro quo harassment, *i.e.*, harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) hostile environment harassment, *i.e.*, harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment. *Id.*, paragraph one of the syllabus.

In assessing whether the conduct complained of is sufficiently severe or pervasive to constitute a hostile or abusive work environment, courts "must view the work environment as a whole and consider the totality of all the facts and surrounding circumstances, including the cumulative effect of all episodes of sexual or other abusive treatment." *Hampel*, 89 Ohio St.3d at 181. Thus, "the issue is not whether each incident of harassment standing alone is sufficient to sustain the cause of action in a hostile environment case, but whether—taken together—the reported incidents make out such a case." *Jackson v. Quanex Corp.*, 191 F.3d 647, 659 (6th Cir. 1999).

This "totality of the circumstances" standard, "precludes the kind of analysis that carves the work environment into distinct harassing incidents to be judged each on its own merits. Instead, it is essential that the work environment be viewed as a whole, 'keeping in mind that each successive episode has its predecessors, that the impact of the separate incidents may accumulate, and that the work environment created thereby may exceed the sum of the individual episodes.'" *Hampel*, 89 Ohio St.3d at 181 (quoting *Robinson v. Jacksonville Shipyards, Inc.*, 760 F. Supp. 1486, 1524 (M.D. Fla. 1991)). Therefore, "the 'severe or pervasive' requirement does not present two mutually exclusive evidentiary choices, but reflects a unitary concept where deficiencies in the strength of one factor may be made up by the strength in the other." *Id.*

In *Hampel*, the Supreme Court of Ohio noted in a landmark decision for Ohio law that while "[h]arassment 'because of * * * sex' is the sine qua non for any sexual harassment case * * *[,] 'harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex.'" 89 Ohio St.3d at 178 (citing *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 80 (1988)). "[A]ctions that are simply abusive, with no sexual element, can support a claim for sexual harassment if they are directed at an employee because of his or her sex." *Id.* at 179. Simply put, "[h]arassment alleged to be because of sex need not be explicitly sexual in nature." *Carter v. Chrysler Corp.*, 173 F.3d 693, 701 (8th Cir. 1999).

Here, the available evidence demonstrates that Lewis, as Rose's direct supervisor, repeatedly engaged in overt, sexually charged, and unambiguously demeaning conduct aimed at Rose, creating a hostile working environment. (Addtl. SOF ¶¶ 20–33). This

conduct would be unwelcome and highly offensive were it committed by a peer, but it is made all the worse *because* it is being performed by a person with substantial authority over Rose's continued employment. (*Id.* at ¶ 1; Resp. to SOF ¶ 43).

Further, Lewis demanded that Rose subject herself to a client's sexual advances to secure a sale in the same ways that Lewis herself had done. (Addtl. SOF ¶¶ 20–33). This resulted in sex becoming pervasive in the workplace for Rose, as her role became inextricably intertwined with sex because of Lewis. In sum, the hostile work environment Lewis created for Rose was based on sex, and it was based on a demand that Rose utilize her own sexuality as a sales tool. And when Rose objected to being demeaned and used in this way, Lewis did everything in her power to have Rose terminated. (*Id.* at ¶¶ 4–19).

**D. Rose has stated a claim for aiding and abetting unlawful discrimination against Lewis under R.C. 4112.02(J).**

To be held liable for aiding and abetting under R.C. 4112.02(J), the employee must be "involved in or actually [have] made the decision to [discriminate or] retaliate against [the employee]." *Oster v. Huntington Bancshares Inc.*, Case No. 2:15-CV-2746, 2017 U.S. Dist. LEXIS 76651, 2017 WL 2215462, at *22 (S.D. Ohio May 19, 2017) (quoting *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 88 F. Supp. 3d 812, 820 (N.D. Ohio 2015)). Under Ohio law, an individual is an aider and abetter if he "knowingly does something which he ought not to do * * * which assists or tends in some way to affect the doing of the thing which the law forbids." *Luke v. City of Cleveland*, 2005 U.S. Dist. LEXIS 49630, 2005 WL 2245187 at * 8 (N.D. Ohio Aug. 22, 2005) (citing *State v. Stepp*, 117 Ohio App. 3d 561, 568, 690 N.E.2d 1342 (Ohio Ct. App. 1997) (interpreting R.C. 4112.02(J))).

8

Although an employee cannot aid and abet themselves, an employee can be found individually liable under R.C. 4112.02(J) for aiding and abetting the unlawful employment practices of their employer. *Siwik v. Cleveland Clinic Found.*, No. 1:17CV1063, 2019 U.S. Dist. LEXIS 34987, 2019 WL 1040861, at *27 (N.D. Ohio Mar. 5, 2019) (citing *Hauser v. Dayton Police Dep't*, 140 Ohio St.3d 268, 2014-Ohio-3636, ¶ 12 (finding R.C. 4112.02(J) "holds individual employees liable for their participation in discriminatory practices")). Here, those unlawful employment practices are sexual harassment and wrongful termination.

Lewis's sole argument in support of summary judgment on Rose's aiding-and-abetting claim is that the claim is derivative, and because Rose allegedly cannot prevail on *either* her wrongful termination *or* sexual harassment claim, the aiding-and-abetting claim must also fail. (Mot. Summ. J. at 14). In other words, Lewis does not challenge the claim on its merits, but only on the procedural ground that neither of Rose's two claims under R.C. 4112.02(A) can survive dismissal. Because Rose *has* demonstrated the viability of *each* of her claims under R.C. 4112.02(A)—and with either one being sufficient to impute liability for aiding and abetting discrimination—this claim against Lewis under R.C. 4112.02(J) is likewise viable and should survive summary judgment.

## III.    CONCLUSION

Based on the foregoing, the Court should deny summary judgment and allow this matter to be tried to a jury.

Respectfully submitted,

/s/ Kevin M. Gross

Kevin M. Gross (Ohio Bar No. 0097343)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Phone: (216) 514-6400
Fax: (216) 514-6406
Email: kgross@zipkinwhiting.com

*Counsel for Plaintiff Rachael Rose*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Plaintiff's Memorandum of Law Under LR 56.1(b)(1)* was served via the Court's CM/ECF system on January 27, 2026:

Uma Chandrasekaran, Esq.
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Phone: (312) 460-5000
Fax: (312) 460-7000
Email: uchandrasekaran@seyfarth.com

   *and*

Victoria S. Tolbert, Esq.
SEYFARTH SHAW, LLP
300 South Tryon Street, Suite 400
Charlotte, North Carolina 28202
Phone: (704) 925-6060
Email: vtolbert@seyfarth.com

*Counsel for Defendants Abbott Laboratories, Inc.,*
*and Colleen Lewis*

Respectfully submitted,

/s/ Kevin M. Gross
Kevin M. Gross (Ohio Bar No. 0097343)

*Counsel for Plaintiff Rachael Rose*

11