**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RACHAEL ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:25-CV-01604 |
| | ) | |
| v. | ) | JUDGE MANISH SURESH SHAH |
| | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| *and* COLLEEN LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' BILL OF COSTS**

Pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d), Defendants

Abbott Laboratories Inc. ("Abbott") and Colleen Lewis ("Lewis") submit this Bill of Costs.

**A.  Introduction**

On June 9, 2026, the Court granted summary judgment for Defendants on all of

Plaintiff's claims and entered judgment against Plaintiff Rachael Rose. [Docket Nos. 55-56].

Defendants are entitled to recover costs in this matter because they prevailed on all claims. Fed.

R. Civ. P. 54(d)(1).

To tax costs, the Court determines whether the costs are recoverable and reasonable.

*Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Weeks v. Samsung Heavy Indus.

Co., Ltd*., 126 F.3d 926, 945 (7th Cir. 1997). As explained below, Defendants may recover

$4,400.69 in costs in this matter because the requested amounts are recoverable and reasonable.

**B.  Depositions**

Defendants seek $3,802.15 for transcript, exhibit, and court reporter fees regarding

depositions taken in this matter (*see* Bill of Costs Form, Bill of Costs Itemization, and Invoices,

attached hereto). All of the depositions taken in this case were necessary and relied upon by the parties in briefing Defendants' motion for summary judgment and/or in anticipation of trial. These expenses, including but not limited to the appearance fees and exhibit handling fees, are recoverable pursuant to 28 U.S.C. § 1920(2). *See Little v. Mitsubishi Motors North Am.*, 514 F.3d 699, 701-02 (7th Cir. 2008) (prevailing party may recover costs for stenographically transcribing a deposition); *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) (costs related to depositions, including discovery depositions, recoverable if necessarily obtained for use in the case); *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) (reasonable appearance fees for court reporters at depositions are recoverable under § 1920(2)).

Costs of both video recording and stenographic transcription can likewise be taxed to the losing party. *See Little*, 514 F.3d at 702 ("[T]he rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party."). These costs are allowed "provided that the party can show both are necessary and reasonable in the context of the case." *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010).

Here, Defendants videotaped Plaintiff's deposition because, among other things, they considered playing certain parts of the testimony during trial to increase the impact on the jury. Courts have taxed expenses associated with videotaping depositions for this reason. *See Dungy-Poythress v. Community Health Network, Inc.*, No. 1:13-CV-1391-WTL-TAB, 2015 WL 1383813, at *1 (S.D. Ind. Mar. 24, 2015) (allowing costs related to videotaping Plaintiff's deposition because at trial "seeing and hearing the deposition would be more impactful than simply reading portions of the transcript."). Defendants also videotaped Plaintiff's deposition to capture her body language and demeanor during the examination to assist with assessing Plaintiff's credibility as a witness and to prepare their defense and trial strategy. *See Held*, 137

F.3d at 1002 ("Finally, we see no reason to question the district court's exercise of discretion in awarding the cost of videotaping a deposition of an out-of-state witness … Robert presented valid arguments in support of the videotaping, and we will not second-guess the district court's considered decision.").

Plaintiff noticed and took the depositions of Defendant Lewis, as well as the depositions of two of Plaintiff's former co-workers (and current employees), Brian Lecurgo and Ronald J. Petitte, II. Defendants ordered the transcripts, used them to support the arguments advanced in Defendants' motion for summary judgment, and planned to use them for trial preparation. Thus, the costs for ordering the depositions of these witnesses are recoverable because they were reasonably necessary. *See Hudson*, 758 F.2d at 1243 (7th Cir. 1985); *see also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455, 40 Fed.R.Serv.3d 382 (7th Cir. 1998) (finding plaintiff's arguments against taxing deposition costs as "ludicrous" and "without merit" and stating "[t]he idea that employers should rely on the oral statement or affidavits of their employees rather than depositions which were already taken is a suggestion we will not entertain").

### C. Subpoenas

Defendants seek $598.54 for the costs of obtaining Plaintiff's employment and medical records in this matter. (*See* Bill of Costs Form, Bill of Costs Itemization, and Invoices, attached hereto). To award costs for subpoenas, the court need only determine that the subpoenas were reasonably necessary "in light of facts known at the time of service." A prevailing employer in an employment discrimination matter is entitled to recover costs for obtaining plaintiff's medical and employment records, so long as they are reasonably necessary to the action. *Perry v. City of Chicago*, No. 08 C 4730, 2011 WL 612342, * 3 (N.D. Ill. Feb. 15, 2011) (citing *Movitz v. First Nat. Bank of Chicago*, 982 F. Supp. 571, 574 (N.D. Ill. 1997)); *Alexander v. CIT Technology*

3

*Financing Svcs., Inc.*, 222 F. Supp. 2d 1087, 1092 (N.D. Ill. Oct. 22, 2002) (awarding total costs that defendant-employer incurred in obtaining copies of plaintiff's medical and employment records and holding "[a]s an initial matter, the court finds that plaintiff's medical and employment history [is] relevant to this [employment discrimination] case"); *Dishman v. Cleary*, 279 F.R.D. 460, 461 (N.D. Ill. Jan. 5, 2012) (holding that cost for subpoena to medical provider was recoverable as a cost for records which were reasonably necessary at trial) (citing *Carlson v. Bukovic*, No. 07 C 06, 2009 WL 2448603, at *2 (N.D. Ill. Aug. 7, 2009)); *Santiago v. Orland Park Motor Cars, Inc.*, No. 01 C 8293, 2004 WL 434208, *4 (N.D. Ill. Feb. 18, 2004) (noting, "we find it was reasonable and necessary for [defendant-employer's] defense for it to take steps to ensure it had complete records of [plaintiff's] employment history"); *Jackson v. United Parcel Service, Inc.*, No. 07-cv-4050-MJR-CJP, 2008 WL 5244846, *2 (S.D. Ill. Dec. 16, 2008) (granting costs for fees related to subpoenaing employment records and medical records in employment law case).

Here, Plaintiff claimed lost wages as a result of Defendants' alleged conduct. In response to Defendants' discovery requests, Plaintiff executed a "Request for Copy of Tax Return" form and a "Waiver and Consent to Disclosure of Employment Information." Thereafter, Defendants subpoenaed Plaintiff's tax returns and her employment records from the subsequent employers Plaintiff identified in her responses to Defendants' discovery requests.

Plaintiff also claimed emotional distress damages as a result of Defendants' alleged action and/or inaction, and she identified her medical providers that treated her for alleged emotional distress she claimed she experienced as a result of the events described in the Complaint. In response to Defendants' discovery requests, Plaintiff executed a "HIPAA Authorization for Release of Medical, Psychiatric, and/or Psychological Records" form.

Defendants then requested Plaintiff's medical records from the medical providers she identified. *Vesey v. Envoy Air, Inc.*, No. 4:18-cv-04124-SLD-JEH, 2020 WL 13682563, *7 (C.D. Ill. Apr. 30, 2020) (affirming costs for obtaining medical records in case where plaintiff claimed emotional distress as a result of her termination because it was necessary to explore other potential sources of distress).

Therefore, all of the subpoenas and requests for tax, employment and medical records issued in this case were necessary in light of facts known at the time of the service or request and were obtained in preparation for trial to prepare Defendants' defenses regarding Plaintiff's alleged damages in this employment law matter.

### D. Conclusion

For the reasons herein, Defendants respectfully request that the Court award them costs in the amount of $4,400.69, pursuant to 28 U.S.C. § 1920 and Rule 54(d).

DATED: July 9, 2026                          Respectfully submitted by,


                                             ABBOTT LABORATORIES INC. AND
                                             COLLEEN LEWIS


                                             By: /s/ *Victoria S. Tolbert*
                                             One of Defendant's Attorneys

                                             Uma Chandrasekaran
                                             Illinois Bar No. 6281690
                                             uchandrasekaran@seyfarth.com

                                             Victoria S. Tolbert
                                             Admitted *Pro Hac Vice*
                                             vtolbert@seyfarth.com

                                             SEYFARTH SHAW LLP
                                             233 S. Wacker Drive, Suite 8000
                                             Chicago, IL 60606-6448
                                             Telephone: (312) 460-5000
                                             Facsimile: (312) 460-7000

                                             *Attorneys for Defendants*

6

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 9, 2026, she caused the foregoing Defendants' Bill of Costs to be filed with the Clerk of the United States District Court for the Northern District of Illinois through the Court's CM/ECF system, which will provide notice to and serve a copy upon all other counsel of record.

Respectfully submitted,

/s/ *Victoria S. Tolbert*

Victoria S. Tolbert
Admitted *Pro Hac Vice*
Attorney for Defendants

7